TOWNSEND v. FIBRE CONDUIT CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1912.)

MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—DANGEROUS PLACE OF WORK—QUESTION FOR JURY.

In an action for personal injuries to a servant while pushing a flat car on a surface industrial railroad, the place cannot, as a matter of law, be held not unsafe, where it appeared that the space between the ties, upon which defendant had to walk, had been worn away, so that he was likely to trip.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

Appeal from Trial Term, Rockland County.

Action by Henry Townsend against the Fibre Conduit Company. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

H. B. Bradbury, of New York City, for appellant.
Frank Comesky, of Nyack, for respondent.

HIRSCHBERG, J.   The action is brought by a servant against his master for personal injuries under the Employers' Liability Act (chapter 352 of the Laws of 1910). The respective briefs agree in the statement that there is practically no dispute about the facts. The defendant is engaged in the business of manufacturing fiber conduits or pipes from wood pulp, its factory being located at Orangeburgh, in the county of Rockland. Its buildings are connected by what is called "a surface industrial railway," a road built of small steel rails laid upon wooden cross-ties; the gauge being slightly less than three feet. On this railway low flat cars are moved by the employés by hand, in order to carry the product from one part of the

plant to the other. The plaintiff's accident occurred while he was moving a car loaded with pipes down a slight grade. He was pushing the car in the customary way. His evidence is generally to the effect that the pipes extended beyond the top of the flat car, so that he could not see where he was walking; that as he came to a curve where the grade was a descending one he was obliged to keep hold of the car with his hands, in order to prevent it getting beyond his control; that the ballasting between the ties had become worn away at the place of the accident, so that there were some few inches of the ties above the surface; and that his toe caught in one of the ties, throwing him down and inflicting the injuries complained of.

It was undisputed that the proper construction required the spaces between the ties to be level with the surface of the ties, and the defendant's evidence, in contradiction to that of the plaintiff, tends to establish that the place of the accident was not in the defective condition referred to. The case was submitted to the jury in a charge covering the questions of negligence, contributory negligence, and assumption of risk, without exception, and I do not see that the court is required to reverse the judgment and order.

The appellant claims that, as matter of law, the place where the plaintiff was working at the time of the accident was not unsafe, but the cases cited in support of the proposition are clearly distinguishable. In Lendgren v. Erie R. R. Co., 146 App. Div. 504, 131 N. Y. Supp. 658, a judgment of nonsuit was affirmed by this court, but the ground of decision was expressly based upon the fact that the evidence utterly failed to show any defect in the railroad track which was the producing cause of the accident complained of. In Finnell v. D., L. & W. R. R. Co., 129 N. Y. 669, 29 N. E. 825, the question presented related to the condition of a steam railroad track, and the decision was placed upon the ground that such tracks are not ballasted for the purpose of making them safe for the employés of the company to walk upon, and that the failure of the steam railroad company to ballast a side track, used for storing cars and making up trains, was not a breach of any duty owing to employés.

The judgment and order should be affirmed. All concur.